IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELVIN PAUL GARRIS                                                    PLAINTIFF

v.                              Civil No. 08-2045

SHERIFF MIKE ALLEN; and
SGT. DANNY PHILLIPS                                                  DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Melvin Paul Garris (hereinafter Garris), filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Garris is currently an inmate of the Federal Correctional Institution in Fort Dix, New Jersey. On November 18, 2005, while in Crawford County, Arkansas, Garris was driving on Interstate 40 when he was stopped and his vehicle seized. The vehicle was ultimately forfeited to the State of Arkansas. In this case, Garris maintains he did not have proper notice of the forfeiture proceeding and could not appear to contest the forfeiture because he was incarcerated.

Defendants filed a summary judgment motion (Doc. 38). To assist Garris in responding to the motion, a questionnaire was prepared (Doc. 44). Garris filed a timely response to the questionnaire (Doc. 46).

## Background

On November 18, 2005, Arkansas State Police Trooper Chris Waters observed Garris driving eastbound on Interstate 40. *Defendants' Exhibit* A (hereinafter *Defts' Ex.*); *Plaintiff's Response* (Doc. 46)(hereinafter *Resp.*) at ¶ 1. Waters observed Garris drive left of the centerline. *Defts' Ex.* A.

-1-

Waters ran Garris' vehicle license number through Troop H communications and the license plate came back as suspended. *Defts' Ex.* A. Waters then pulled Garris over and ran his driver's license number through the National Crime Information Center (NCIC). *Id.* NCIC showed Garris had a felony warrant for possession of cocaine with intent to deliver out of North Carolina. *Id.*

According to Waters' report, during a search of Garris' vehicle, drug paraphernalia was found. *Defts' Ex.* A. Specifically, four crack pipes were found three of which contained residue. *Id.* Garris was arrested and charged with felony possession of drug paraphernalia. *Id.*; *Resp.* at ¶ 7.

Waters later learned that Garris' vehicle, a 1998 Suburban, contained a hidden compartment in the floorboard. *Defts' Ex.* A; *Defts' Ex.* E. The lid of the compartment was opened electronically from the dashboard. *Defts' Ex.* E.

At some point, Garris was taken to the Crawford County Detention Center (CCDC). *Resp.* at ¶ 8. The Suburban was seized. *Id.* at ¶ 10. Garris remained incarcerated at the CCDC until January 11, 2006. *Addendum* (Doc. 10) at ¶ 1.

On November 22, 2005, Kevin Richmond, of the Arkansas State Police, went to Eddy's Wrecker Service in Rudy, Arkansas, and collected six sample swabs from Garris' vehicle. *Defts' Ex.* E. The swabs testified positive for cocaine. *Defts' Ex.* F. Richmond called Sgt. Danny Phillips of the Crawford County Sheriff's Office about the vehicle. *Id.* Phillips said he would retrieve the vehicle and initiate seizure proceedings. *Id.*

According to the judgment entered in the forfeiture case, on December 1, 2005, Garris was served with the summons and complaint in the civil forfeiture case. *Defts' Ex.* C. Garris agrees that at some point, prior to the scheduled hearing, he learned a civil forfeiture hearing would be held on November 22, 2006, in the Circuit Court of Crawford County. *Resp.* at ¶ 15. Garris did not appear

at the hearing.  *Id.* at ¶ 16.  However, he states he did not willfully fail to appear.  *Id.*  He indicates

he was incarcerated at the Pitt County Detention Center in Greenville, North Carolina, from June 23,

2006, to February 7, 2007.  *Id.* at ¶ 16 & ¶ 22.

Prior to the hearing, Garris states he wrote a letter to the Circuit Court advising it that he was

in the custody of the United States Marshal Service and asking that a car be sent for him.  *Resp.* at

¶ 20.  Garris also states his public defender was "given the task" of asking for a continuance on

Garris' behalf in the civil forfeiture proceeding and also of contacting the Sheriff's Office to

schedule his pick up.  *Id.* at ¶ 23.  Garris asserts that his public defender failed to perform these tasks.

*Id.* at ¶ 24.  Garris states neither his public defender or the court did anything to bring him to the

hearing.  *Id.*

The court found that Garris' vehicle was subject to forfeiture.  *Resp.* at ¶ 17.  The vehicle was

ordered forfeited to the State of Arkansas.  *Id.* at ¶ 18.  The judgment was filed on November 27,

2006.  *Defts' Ex.* C.  Garris did not appeal the judgment.  *Resp.* at ¶ 19(B).

On February 22, 2007, Garris filed a motion for a forfeiture pardon in the civil forfeiture case.

*Resp.* at ¶ 21(A); *Defts' Ex.* D.  In it, Garris asserts he was served with the summons and complaint

while in the CCDC.  *Defts' Ex.* D.  He also states he received notice of the hearing date.  *Id.*  Garris

has never received notice that a ruling was made on this motion.  *Resp.* at ¶ 21(B).

## Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in

the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a . . . verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

## Discussion

Defendants have now moved for summary judgment.  First, they point out that the seizure was done at the direction of the Arkansas State Police.  Second, they maintain that Garris received ample notice of the forfeiture proceeding and simply failed to act.  Third, they point out that they were not even party to the civil forfeiture proceeding.  Finally, defendants argue they are entitled to qualified immunity.

"The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law'" *Dusenberry v. United States*, 534 U.S. 161, 167. 122 S. Ct. 694, 151 L. Ed. 2d 597 (2002).  Due process requires that persons whose interests are at stake be given notice and an opportunity to be heard.  *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950).

-4-

In *Mullane,* the Supreme Court said: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. It stated that "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane*, 339 U.S. at 318.

The fact that Garris was incarcerated is critical in determining whether the notice given was adequate. In *Robinson v. Hanrahan*, 409 U.S. 38, 93 S. Ct. 30, 34 L. Ed. 2d 47 (1972), the Supreme Court held that notice mailed to a prisoner's home address by the state in whose custody he was held failed to meet the standard set forth in *Mullane.* In the *Dusenbery* case, the Federal Bureau of Investigation (FBI) instituted administrative forfeiture proceedings on currency that was seized when a search warrant was executed at the residence where Dusenbery was arrested. *Dusenbery v. United States*, 534 U.S. 161, 122 S. Ct. 694, 695-96,151 L. Ed. 2d 597 (2002). At the time the forfeiture proceedings were instituted, Dusenbery was in prison on federal drug charges. *Id.*

The Court rejected the argument that actual notice was required. *Dusenbery*, 122 S. Ct. at 801. In doing so it noted that it had "allowed the Government to defend the 'reasonableness and hence the constitutional validity of any chosen method . . . on the ground that it is in itself reasonably certain to inform those affected.'" *Id.* (citation omitted). The Court held that "the Due Process Clause does not require . . . heroic efforts by the Government; it requires only that the Government's effort be 'reasonably calculated' to apprise a party of the pendency of the action; '[t]he criterion is not the possibility of conceivable injury but the just and reasonable character of the requirements.'" *Id.* (citation omitted). It concluded use of the mail was acceptable and the remaining portion of the

-5-

delivery, *i.e.* the mail delivery procedures at the facility detailed in that case, was "'reasonably calculated, under all the circumstances, to apprise [petitioner] of the pendency of the action.'" *Id.*, 122 S. Ct. at 702. It held that due process required no more. *Id.*

In this case, Garris does not deny that he had notice of the civil forfeiture proceeding and of the November 2006 hearing date. *See Defts' Ex.* D (motion filed by Garris in which he states the summons and complaint was served on him while he was at the CCDC and that he was notified of the hearing date). Instead, he merely contends that he was unable, because of his incarceration, to attend the scheduled hearing. While he asserts both he and his public defender advised the Circuit Court of Crawford County that he was incarcerated, he does not indicate he filed any type of motion asking to be transported to the hearing, requested a continuance, or did anything to contest the forfeiture of his vehicle. Additionally, once the judgment of forfeiture was entered Garris did nothing until February of 2007 when he filed a motion for "forfeiture pardon, remission or mitigation."

There is no suggestion that the defendants in some manner interfered with any attempts Garris made to contest the forfeiture or obtain transportation to the hearing. Defendants were not parties to the civil forfeiture proceeding and had no duty, in the absence of a court order, to ensure Garris was present for the hearing. Defendants did not in anyway interfere with Garris' ability to appeal the forfeiture judgment or have the judgment set aside. Clearly, no due process violation exists in this case. Garris received actual notice of the forfeiture proceeding and of the date of the hearing.

**Conclusion**

For the reasons stated, I recommend that defendant's motion for summary judgment (Doc. 38) be granted and the case dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of August 2010.**

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE