```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

**MELVIN PAUL GARRIS**                                                    PLAINTIFF

          v.         Civil No. 08-2045

**SHERIFF MIKE ALLEN and**
**SGT. DANNY PHILLIPS**                                                   DEFENDANTS

O R D E R

    Now on this 20th day of September, 2010, come on for consideration defendants' **Motion for Summary Judgment** (document #38); the **Report And Recommendation Of The Magistrate Judge** (document #47); and **Plaintiff's Objections To The Report And Recommendation Of Magistrate Judge** (document #48), and from said documents, the Court finds and orders as follows:

    1.    In his *pro se* Complaint, plaintiff Melvin Paul Garris ("Garris") complains that his 1998 Suburban was seized during a traffic stop, and eventually forfeited to the State of Arkansas. He contends that this seizure and forfeiture violated the Fourth and Fourteenth Amendments.

    2.    Garris initially sued Ken Bell ("Bell") as Sheriff of Crawford County, Arkansas, and John/Jane Doe employees of Bell. The Magistrate Judge later determined that the proper identity of the Sheriff of Crawford County, Arkansas, was Mike Allen ("Allen"), and that the officer who initiated the forfeiture proceedings for Allen was Sgt. Danny Phillips ("Phillips"). These individuals were substituted as party defendants.

3. Defendants then moved for summary judgment, contending that the Suburban was seized on order of the Arkansas State Police, and forfeited to the State of Arkansas by court order. They further contend that Garris received notice of the forfeiture proceeding, but failed to assert his rights therein.

4. At the direction of the Magistrate Judge, Garris responded to a questionnaire about the issues raised by the Motion For Summary Judgment. He stated therein that he received papers related to the forfeiture action while incarcerated in the Crawford County Jail, and that he knew a hearing was scheduled on the forfeiture but could not appear because he was then incarcerated in the Pitt County Detention Center on federal charges.

Garris further stated that he "wrote a letter to the Circuit Court, stating that I was in the custody of the U.S. Marshall [sic] Service, and to please send a car for me, to take me to my hering [sic]." He stated his attorney also "let the court know of my confinement, and that I had requested transportation to Crawford Co. Ark. 9-18-06."

5. Although Garris asserted his claims under the Fourth Amendment (which covers searches and seizures), the Magistrate Judge analyzed them under the Fifth Amendment (as a claim of deprivation of property without due process of law). This was proper, because the correct forum in which to assert a challenge

to the seizure would have been either the forfeiture action itself, or the criminal proceedings against Garris arising out of the arrest related to the seizure. His case here arises under **42 U.S.C. § 1983,** which is not a substitute for appeal of issues that could be raised in the underlying cases. **U.S. v. Serpa, 930 F.2d 639 (8th Cir. 1991).**

The Magistrate Judge reported that Garris had notice of both the forfeiture proceeding, and the dispositive hearing therein. He reported that Garris offered no evidence that he had filed any motion with the Circuit Court of Crawford County, Arkansas, asking to be transported to the forfeiture hearing. The Magistrate Judge also found no evidence that either defendant interfered with any efforts of Garris to contest the forfeiture. Finally, he reported that defendants were not parties to the forfeiture action and had no duty to see that Garris was present.

Based on his report, the Magistrate Judge recommended that defendants' Motion For Summary Judgment be granted, and this case be dismissed with prejudice.

6. Garris makes the following objections:

(a) Garris objects that he "informed the court in Van Buren, Arkansas, of his whereabouts" before the forfeiture hearing, and "that he needed transportation to court, without any response from Crawford County Ark." He also objects that both the court and the Crawford County Sheriff's Office knew of his whereabouts.

-3-

These objections are without merit because neither Allen nor Phillips can be held responsible for the action or inaction of the Circuit Court of Crawford County, Arkansas.  Nor could Allen or Phillips have simply "sent a car" to the Pitt County Detention Center and driven away with a federal prisoner without a court order authorizing them to do so.

(b)  Garris objects that he told the arresting officer about the "hidden compartment" in his Suburban; that he did not know how to shut it; and that he is a drug addict who "uses crack cocaine on a daily basis."

These objections appear to contest the validity of the underlying traffic stop which eventually led to the forfeiture, rather than the forfeiture itself.  Because **§ 1983** is not a substitute for a direct appeal and cannot be used to consider matters which could have been raised on appeal, these objections are without merit.

(c)  Garris objects that the Arkansas State Police did not seize his Suburban, but rather, it was seized by "the Crawford County Sheriff's office by or through Judge Gary Cottrell."  It is not the seizure of the Suburban with which this Court is concerned, however.  If the Suburban had been wrongfully seized and then returned instead of forfeited, **§ 1983** - which exists to provide redress to one who has been deprived of a constitutional right by action taken under color of state law - would not provide

an avenue of legal redress.  This objection is without merit.

(d)  Garris objects to the Magistrate Judge's report that the notice provided with regard to the forfeiture was reasonably calculated under the circumstances to apprise him of the pendency of the forfeiture action.  The record reflects, however, that the notice reached Garris, and the objection that it was not reasonably calculated to do so is without merit.

**IT IS THEREFORE ORDERED** that **Plaintiff's Objections To The Report And Recommendation Of Magistrate Judge** (document #48) are **overruled**.

**IT IS FURTHER ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #47) is **adopted in toto**.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Report And Recommendation and in this Order, defendants' **Motion for Summary Judgment** (document #38) is **granted**, and this matter is **dismissed with prejudice**.

                                              /s/ Jimm Larry Hendren  
                                              **JIMM LARRY HENDREN**  
                                              **UNITED STATE DISTRICT JUDGE**